**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x

HILARIO MICULAX MICULAX, *individually and on behalf of others similarly situated*, and LUIS PANZEIS, *individually and on behalf of others similarly situated*,

                                Plaintiffs,

           -against-

LA FONDA BORICUA LOUNGE, INC., *d/b/a*, La Fonda Boricua, JORGE AYALA, LA FONDA RESTAURANT AND TAPAS BAR INC., *agent of* La Fonda Boricua, and JEREMIAS DOE, *a/k/a* James Gonzalez,

                                Defendants.

------------------------------------- x

MEMORANDUM DECISION & ORDER

20 Civ. 4477 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

Plaintiffs Hilario Miculax Miculax and Luis Panzeis bring this action against Defendants La Fonda Boricua Lounge, Inc., *d/b/a* La Fonda Boricua, Jorge Ayala, La Fonda Restaurant and Tapas Bar Inc., *agent of* La Fonda Boricua, and Jeremias Doe, *a/k/a* James Gonzalez, seeking damages for Defendants' failure to pay Plaintiffs' minimum and overtime wages as required by the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (ECF No. 32.) This Court granted Plaintiffs' motion for default judgment on April 14, 2022, and referred the matter to Magistrate Judge Netburn for an inquest on damages. (ECF No. 85.) Before this Court is Magistrate Judge Netburn's May 4, 2023 Report and Recommendation (the "Report").[1]

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). No

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

objections to the Report have been filed. When there are no objections to a magistrate judge's report, a district judge reviews the report for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report except as otherwise noted. Magistrate Judge Netburn properly determined that Plaintiffs provided adequate support for damages for overtime compensation and spread-of-hours pay, plus wage statement, notice, and record keeping violations. Plaintiffs are also entitled to reasonable attorneys' fees and costs as recommended by Magistrate Judge Netburn.

## **CONCLUSION**

For the reasons stated in the Report, final judgment shall be entered ordering Defendants to pay Plaintiffs $439,869.46 plus applicable prejudgment, post-judgment, and additional interest,[2] as follows: (1) $152,066.43 in back pay and spread-of-hours damages to Plaintiff Miculax, plus nine percent prejudgment simple interest calculated from June 26, 2018, to the date of judgment; (2) $61,501.50 in back pay and spread-of-hours damages to Plaintiff Panzeis, plus nine percent prejudgment simple interest calculated from June 26, 2019, to the date of judgment; (3) $152,066.43 in liquidated damages to Plaintiff Miculax; (4) $61,501.50 in liquidated damages to Plaintiff Panzeis; (5) $11,955 in attorneys' fees; and (6) $778.60 in costs.[3]

---

[2] Interest shall be calculated by the Clerk of Court as set forth in Parts III.D and III.E of the Report.

[3] The Report contains several mathematical errors, which have been corrected in the present Decision & Order. First, in Part III.A.2. of the Report, the correct calculation of (27 hours x 24 weeks x $25.50 hourly wage) for October 1, 2019 through March 21, 2020 comes out to $16,524, resulting in a total of $55,242 in overtime wages for Plaintiff Panzeis. Second, in Part III.B of the Report, the spread-of-hours

2

Dated: September 28, 2023
New York, New York

SO ORDERED.

*[signature]*

GEORGE B. DANIELS
United States District Judge

---

pay for Plaintiff Panzeis for 2019 should be (6 hours x 43 weeks x $13.50, plus 7 hours x 9 weeks x $13.50), equaling $4,333.50 for 2019 and $6,259.50 total in spread-of-hours pay for Plaintiff Panzeis. (*See* Ex. I- Damages Chart, ECF No. 82.) Finally, the attorneys' fees, listed in the correct individual amounts in Part IV.B of the Report, add up to a total of $11,955.

3